# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ANNE B. MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE BILLINGS CLINIC, a<br>Montana Corporation,<br><br>    Defendant. | CV-14-93-BLG-SPW-CSO<br><br>**ORDER GRANTING<br>DEFENDANT'S<br>MOTION TO COMPEL** |

  Plaintiff Anne B. Marshall ("Marshall") alleges in her First Amended Complaint that the medical malpractice of "various agents and employees" of Defendant The Billings Clinic ("Billings Clinic") injured her. She maintains that the malpractice began with an IV insertion performed as part of medical procedures she underwent on February 15, 2011, and continued during care and treatment thereafter. *First Am. Cmplt. (ECF 16) at ¶¶ 7-79.*

  Marshall asserts the following claims against Billings Clinic: (1) professional negligence (First Claim for Relief), *id. at ¶¶ 80-88*; (2) negligent hiring, retention, supervision, and management (Second Claim for Relief), *id. at ¶¶ 89-99*; and (3) battery (Fourth Claim for

-1-

Relief),[1] *id. at ¶¶ 100-104*.  Marshall seeks compensatory and punitive damages.  *Id. at ¶¶ 105-112*.

Now pending is Billings Clinic's motion to compel (*ECF 23*).[2]  For the reasons discussed below, the Court will grant the motion.

## I.    BACKGROUND

In addition to filing briefs and supplemental materials respecting the motion, the parties also filed a "Joint Stipulation of Fact Regarding Discovery Motions."  *ECF 22*.[3]  They agree that the motion to compel centers around Billings Clinic's discovery requests for Marshall's medical history and records reflecting prior medical treatment by other providers.  *Id. at 2*.  In addition, the parties agree as follows:

1.  Marshall asserts that she has suffered general and special damages.  *Id. at ¶ 4.a*.

2.  Marshall has admitted the following treatment records are discoverable:

---

[1] Marshall's First Amended Complaint misidentifies her third claim for relief as her fourth claim for relief.

[2] Also pending is Marshall's motion for a protective order.  *ECF 25*.  The Court will address that motion in a subsequent order.

[3] Having reviewed the parties' Joint Stipulation, the Court is satisfied that the parties have complied with Rule 37(a)(1), Fed. R. Civ. P., and Local Rule 26.3(c)(1), both of which require the parties to confer and attempt to resolve discovery disputes before seeking court action.

a. Treatment records created by Billings Clinic for the procedures and treatment that give rise to this lawsuit, *id. at 4.b.i.*;

b. Care and treatment by subsequent providers for the injuries Marshall alleges arose from the claimed negligence by Billings Clinic, *id. at 4.b.ii.*; and

c. Other records not relevant to the parties' stipulation. *Id. at ¶4.b.iii.*

3. Marshall has asserted that records of medical treatment not related to her right wrist, or corrective, or allegedly corrective, treatment for the injuries allegedly sustained in February of 2011, are not discoverable in this lawsuit. *Id. at ¶4.c.*

4. Billings Clinic has offered to enter into a confidentiality agreement and protective order covering all these records. *Id. at 4.d.*

5. Billings Clinic seeks additional records from medical providers who were either identified by Marshall as being one of her health care providers or listed in the medical records Marshall was willing to produce. *Id. at 4.e.*[4]

Billings Clinic' motion seeks the Court's order requiring Marshall to respond fully to Interrogatory No. 10 and Request for Production ("RFP") No. 1. *Billings Clinic's Br. in Support (ECF 24) at 2.* As noted, both discovery requests seek information concerning Marshall's medical history that predates the alleged injury giving rise to this action.

---

[4]The parties' Joint Stipulation contains the list of providers from whom Billings Clinic seeks records. *See ECF 22 at 6-8.*

Interrogatory No. 10 seeks the name, address, telephone number, and specialty of each health care provider who has examined or treated Marshall, or with whom Marshall has consulted, for any reason, during the past 20 years. It also asks Marshal to provide the date of any such examination, treatment, or consultation, and the illness or condition for which she sought treatment. *Pltf's Answers to Billings Clinic's First Interrogatories (ECF 24-2) at 2.*

Marshall objected to this interrogatory arguing that it: (1) "seeks information that is not reasonably calculated to lead to the discovery of admissible information[,]" *id.*; (2) "is unduly burdensome, oppressive and embarrassing," *id.*; (3) "seeks information that is protected from disclosure[ ]" because "Art. II, § 10 of the Montana Constitution provides citizens a right of privacy in medical information[,]" *id.*; and (4) "seeks medical and private information that is unrelated to the injury claimed in this lawsuit[,]" *id. at 3*. Marshall also responded that she "has previously produced all relevant medical records at MARSHALL-000012–521[.]" and noted that she "produces additional documents herewith . . . [p]ursuant to Fed. R. Civ. P. 33(d), [and notes] that the burden of extracting the requested information would be

substantially the same for both [Marshall] and [Billings Clinic]." *Id*.

RFP No. 1 provides: "Please produce copies of all medical records of Plaintiff Marshall from January 1, 2000 to present." *ECF 24-3 at 2*. Marshall objected arguing RFP No. 1: (1) seeks information that is not reasonably calculated to lead to the discovery of admissible information," *id*.; (2) "is unduly burdensome, oppressive, and embarrassing[,]" *id*.; (3) seeks information that "is otherwise protected from disclosure" by "Art. II, § 10 of the Montana Constitution [which] provides citizens a right of privacy in the medical information[,]" *id*.; and (4) "seeks medical and private information that is unrelated to the injury claimed in this lawsuit[,]" *id*. Marshall also responded that she "has previously produced all relevant medical records at MARSHALL-000012–521, and is producing additional material related to the clams an injuries giving rise to this lawsuit[,]" *id. at 2-3*.

## II. SUMMARY OF PARTIES' ARGUMENTS

Billings Clinic argues that: (1) although Marshall provided a list of health care providers that she could recall seeing in the past 20 years, she did not modify or withdraw her objections to Interrogatory No. 10 leaving Billings Clinic unable to determine whether her

responses are complete, *Billings Clinic's Br. in Support (ECF 24) at 3-4*; (2) Marshall did not authorize disclosure of medical records from health care providers that she believes do not possess discoverable information, impermissibly refusing to respond to discovery requests that she unilaterally believes seek information or documents not relevant to any claim or defense, *id. at 4-6*; (3) Marshall cannot demonstrate that the discovery requests seek irrelevant information because she alleges injury not only to her wrist, hand, and arm, but also "serious and permanent injury, disability, pain and suffering, emotional distress, disfigurement, consistent pain, loss of functional mobility and substantial limitation or foreclosure of leisure activities[,]" making her medical history relevant, *id. at 5-6*; and (4) Marshall's right-to-privacy objection is inapplicable because there is no state actor in this case, Marshall has put her medical condition at issue, and Montana law permits Billings Clinic to have Marshall's medical history to determine whether her other medical conditions and treatment could provide an alternative explanation for her alleged injuries. *Id. at 6-11*.

In response, Marshall argues that Billings Clinic's discovery requests seeking her medical history are unreasonable. Specifically,

-6-

she argues that: (1) Billings Clinic has similarly objected to some of Marshall's discovery requests on the same basis upon which Marshall relies here – that the information sought is not reasonably calculated to lead to the discovery of admissible evidence regarding a claim or defense, *Marshall's Resp. Br. (ECF 30) at 7*; (2) Billings Clinic's request for the identification of medical providers for the past 20 years and medical treatment records for the past 15 years is unprecedented in Marshall's counsel's experience handling cases in the Northwest United States, *id. at 7-12 (citing ECF 30-1 – 30-10)*; (3) even though Interrogatory No. 10's request for 20 years of medical history is "burdensome and unnecessary," Marshall answered it fully, initially not including records that were "unrelated to the injury claimed in this lawsuit[,]" but subsequently supplementing the response without waiving "any right to privacy or admit[ting] relevance[ ]" by providing the entire 20-year history fully and completely, *id. at 12-18*; (4) the 15 years of medical records sought in RFP No. 1 is unreasonable under this case's facts because: (a) Billings Clinic has relied on the same right-to-privacy objection in responding to Marshall's discovery requests that Marshall now relies upon in responding to Billings

Clinic's discovery requests, *id. at 18-20*; (b) RFP No. 1 seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because it is not related to any claims or defenses in this lawsuit, *id. at 20-31*; and (c) it seeks unrelated and irrelevant medical information in violation of Marshall's Art. II, § 10 right to privacy, *id.*; and (5) if the Court grants Billings Clinic's motion to compel, the Court also should conclude that Marshall's "nondisclosure, response, and objections" were "substantially justified" and that "other circumstances make an award of expenses unjust," *id. at 31-34*.

In reply, Billings Clinic argues that: (1) Marshall's medical history is relevant not only to the injuries and damages she is claiming in this action, but also to her allegation that Billings Clinic failed to gather an adequate medical history, which she alleges would have revealed prior problems with IVs inserted into her right wrist and a lack of problems with IVs inserted into her elbow, *Billings Clinic's Reply Br. (ECF 34) at 2-4*; (2) Marshall is not permitted to provide only those records that she unilaterally deems relevant and withhold those that she thinks are not relevant without specifically identifying withheld information and the bases for withholding discoverable

information, *id. at 4-5*; (3) if Marshall has fully responded to Interrogatory No. 10 as she now asserts, "she should supplement her discovery responses and explain specifically the basis for her withholding of prior medical records or fail[ure] to identify all her prior health care providers rather than standing on her objections[,]" and leaving Billings Clinic "with discovery responses . . . which objected to providing a complete medical history, and indicated only that 'relevant' records had been provided[,]" *id. at 5-6*; (4) the Court should ignore Marshall's attempt to justify her position on the discovery issues here by referencing Billings Clinic's discovery responses to her discovery requests because those responses are not presently before the Court, *id. at 6-7*; (5) the Court should compel Marshall to provide complete discovery responses concerning records from those medical providers that Billings Clinic has been able to identify from "the incomplete list of health care providers Marshall provided and a detailed review of the medical records Billings Clinic has been able to obtain," *id. at 7-9* (listing providers).

### III. <u>LEGAL STANDARD FOR MOTIONS TO COMPEL</u>

Courts "have broad discretion to manage discovery and to control

the course of litigation[.]" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (*quoting Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, litigants in a civil action are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

A party may move to compel discovery responses when the party disagrees with the objections interposed by the other party and wants to compel more complete answers. *Ivins v. Corrections Corp. of America*, 291 F.R.D. 517, 519 (D. Mont. 2013) (*citing Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50 (D. P.R. 2011)). If the responding party asserts no privilege claim, the Court can compel the production of any relevant evidence. *Id*. (*citing* Fed. R. Civ. P. 26(b)(1)). On the other hand, "[t]he Court can limit discovery requests if it finds that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.* (*quoting* Fed. R. Civ. P. 26(b)(2)(C)(iii)).

The party seeking to compel discovery bears the burden of showing that the discovery sought is relevant, while the party resisting discovery bears of the burden of showing that the discovery should not be allowed. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *see also DIRECT TV, Inc. v. Trone*, 209 F.R.D.455, 458 (C.D. Cal. 2002) (the party resisting discovery bears "the burden of clarifying, explaining, and supporting its objections").

## IV. **DISCUSSION**

Applying the foregoing standard to the case at hand, the Court concludes that the information sought in both Interrogatory No. 10 and RFP No. 1 is relevant both to Marshall's claims and to Billings Clinic's defenses. Marshall has not asserted any privilege over any responsive information, and has directly placed her medical condition at issue by claiming injuries that go well beyond her wrist, hand, and arm.

As noted, Marshall's claim for compensatory damages is premised on her contention that Billings Clinic caused her to suffer the following:

(1) "permanent personal injuries and disabilities in the past, and . . . in the future for the rest of her life, as well as special and general damages[,]" *ECF 16 at ¶ 112*; (2) "pain and suffering, emotional distress and disfigurement[,]" *id. at ¶ 113*; (3) limitations upon or foreclosure of "leisure activities, including, but not limited to, gardening, painting, and flower arranging" because of "the continuing effects of the infectious process[,]" *id.*; (4) "consistent[] pain[,]" *id. at ¶ 114*; and (5) "lost functional mobility in her right (dominant) hand, wrist and arm[,]" *id.* Marshall's medical records that predate the IV insertion and subsequent treatment involving Billings Clinic are relevant respecting any determination about the extent of her claimed injuries in this action and whether those injuries were in fact caused by Billings Clinic or whether such injuries, or some of them, may be the result of another cause or pre-existing condition. *See Keller v. National Farmers Union Property & Cas. Co.*, 2013 WL 27731, at *2 (D. Mont., Jan. 2, 2013).

In addition, Marshall also asserts that Billings Clinic negligently failed to "conduct an adequate preoperative clinical examination of [Marshall], including, but not limited to, obtaining adequate patient history[ ]" including "prior problems, if any, in the use of IVs and IV

insertion sites[.]" *ECF 16 at ¶¶ 84.b., c., and bb*. Marshall's medical history respecting such "prior problems" is relevant both to Marshall's claim and to possible defenses Billings Clinic may assert in response to such allegations.

The Court is not persuaded by Marshall's arguments in response to Billings Clinic's motion to compel. First, contrary to Marshall's suggestion, Billings Clinic's responses to Marshall's discovery requests are not relevant to the Court's consideration of Billings Clinic's motion to compel now at issue. Any issues Marshall may have with Billings Clinic's responses to her discovery are not now properly before the Court. If Marshall believes that Billings Clinic has failed to disclose information that she has sought through her discovery requests, she may seek relief through an appropriate Rule 37(a) motion.

Second, counsel's prior litigation experience also is not relevant to the Court's consideration of the pending motion. Instead, the Court must examine the controlling authorities and apply the applicable standards in light of the circumstances of this case. The Court understands counsel's concern that some defendants overreach in discovery and seek documents to which they are not entitled and that

are outside the scope of discovery. The Court disagrees, however, that this is such a case. Also, no party may unilaterally decide what is relevant and produce only those documents she chooses to produce.

Third, Marshall's position that she now has fully and completely responded to Interrogatory No. 10 is confusing. As noted, she initially responded that she had answered it fully but conceded that she did not include information that she deemed was "unrelated to the injury claimed in this lawsuit." Although she subsequently supplemented her response, she did so without waiving "any right to privacy or admit[ting] relevance." And, she continues to maintain that the interrogatory's request for information is "burdensome and unnecessary[,]" although she now argues that she has answered Interrogatory No. 10 fully. *ECF 30 at 12*.

This Court, more than a decade ago, expressly disapproved of the practice of objecting and then responding to discovery requests. In *Simonsen v. Allstate Insur. Co.*, 31 Mont. Fed. Rpts. 154, 157 (D. Mont. 2003), Judge Anderson explained:

> Answers to discovery requests must be complete, clear, and responsive. An evasive or incomplete response is treated as a failure to respond. Rule 37(a)(3), Fed. R. Civ. P. The Court finds Allstate's practice of objecting and then responding to be

confusing and evasive. It therefore deems both the original and the supplemental objections waived.

Recent amendments to the Federal Rules of Civil Procedure are consistent with this holding. *See Fed. R. Civ. P. 34(b)(2)(C) (effective December 1, 2015)* ("An objection must state whether any responsive materials are being withheld on the basis of that objection").

Although Marshall now attempts to argue that correspondence between the parties respecting Marshall's responses to Interrogatory No. 10 shows that it is no longer part of the instant dispute, the Court is not persuaded. It remains unclear to the Court whether Marshall continues to withhold information responsive to Interrogatory No. 10 based on relevance or on some other objection.

Fourth, for reasons already explained above, the Court is not persuaded by Marshall's argument that RFP No. 1 is unreasonable because of Billings Clinic's responses to Marshall's discovery requests or because the information RFP No. 1 seeks lacks relevance. And, the Court also is not persuaded by Marshall's argument that RFP No. 1 seeks information protected by her right to privacy under Art. II, § 10, of Montana's Constitution. As this Court noted in *Ivins*, *supra*:

> [T]he Montana Supreme Court has clearly established that

> "the privacy section of the Montana Constitution applies *to state action only*." *Weinheimer v. Omniflight Helicopters, Inc.*, CV 09-06-M-DWM (Order filed Sept. 9, 2009) (ECF 20 ) (*citing State v. Malkuch*, 336 Mont. 219, 154 P.3d 558, 560 (2007) and *State v. Long*, 216 Mont. 65, 700 P.2d 153 (1985)) (emphasis in original). Thus, "there is no constitutional issue as to disclosure of records between private parties[ ]" absent a claim of privilege protection over the information. *Id*.

*Ivins*, 291 F.R.D. at 522-23.

Here, Billings Clinic is not a state actor. Rather, it is a defendant in a civil action in which it has been accused of causing physical and mental injury to Marshall. As noted above, Marshall has put her medical condition directly at issue in this case based both on the factual allegations that she asserts and on the nature and scope of damages that she claims. Under the foregoing authority, she cannot now rely on individual privacy rights to withhold information relevant either to her claims or to Billings Clinic's defenses.

Having so concluded, the Court is sensitive to Marshall's interest in limiting disclosure of her medical history and records. Thus, under Rule 26(c), Fed. R. Civ. P., the Court will direct that information disclosed in response to the discovery requests at issue here be handled in accordance with an appropriate protective order which the parties

may jointly submit to the Court for approval.

Finally, Billings Clinic has requested an award of fees incurred in bringing the instant motion. Rule 37(a)(5) mandates that the Court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Marshall relies on an exception to the mandatory imposition of fees which provides that the Court must not award payment of fees if "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(iii).

Here, for the reasons discussed above, the Court cannot conclude that Marshall's nondisclosure, responses, or objections were substantially justified. As noted, the information sought is relevant both to Marshall's claims and to Billings Clinic's defenses thereto. Marshall does not enjoy a constitutional right to privacy over the information without state action. She placed her medical condition at issue by bringing this lawsuit. And her responses interlaced with persistent and continuing objections are sufficiently confusing that neither the Court nor Billings Clinic is able to ascertain whether she

has, in fact, fully answered the discovery requests. Accordingly, the Court will allow Defendants to file a motion claiming their reasonable fees and costs incurred in presenting this motion to compel.

## V. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that:

(1) Billings Clinic's motion to compel (*ECF 23*) is **GRANTED**. By **December 15, 2015**, Marshall must fully answer Interrogatory No. 10 and produce all responsive documents to RFP No. 1; and

(2) By **December 8, 2015**, the parties must work cooperatively to file a joint proposed protective order or, if they are unable to agree, each party must by that date file a proposed protective order limiting disclosure of Marshall's medical records.

**IT IS FURTHER ORDERED** that by **December 10, 2015**, Billings Clinic may move for the award of reasonable fees and costs incurred in making its motion.

DATED this 25th day of November, 2015.

/s/ Carolyn S. Ostby
United States Magistrate Judge