# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ANNE B. MARSHALL, <br><br> Plaintiff, <br><br> vs. <br><br> THE BILLINGS CLINIC, a Montana Corporation, <br><br> Defendant. | CV-14-93-BLG-SPW-CSO <br><br> **ORDER GRANTING MOTION BY SHANDOR S. BADARUDDIN TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |

## I. Introduction

Before the Court is a motion by attorney Shandor S. Badaruddin ("Badaruddin") to withdraw as counsel for Plaintiff Anne B. Marshall ("Marshall"). *Mtn. to Withdraw (ECF No. 42)*. For the reasons that follow, the Court will grant the motion, vacate the current scheduling order, and afford Marshall additional time to either retain new counsel or appear pro se.

## II. Background

On March 10, 2016, Badaruddin filed a motion to withdraw as Marshall's counsel. *Mtn. to Withdraw (ECF No. 42)*. Badaruddin represented in his motion that Defendant The Billings Clinic ("Billings Clinic") does not object to his motion. *Id. at 1*. He also advised the

-1-

Court, however, that Marshall did not consent to his withdrawal as her counsel. *Id.* The Court issued an Order the same day affording Marshall until March 24, 2016, to file a response to Badaruddin's motion. *Order (ECF No. 45) at 1.* To date, Marshall has not filed a response.

On March 18, 2016, however, attorney Bruce R. Elworthy ("Elworthy") filed a response to Badaruddin's motion, as well as a separate brief in response to the motion. *See ECF Nos. 46 and 48.*[1] Elworthy is Marshall's spouse. *See Pltfs' Prelim. Pretrial Stmt. (ECF No. 12) at 4, 15.* He originally was a named plaintiff in this action. *Cmplt. (ECF No. 1) at 1.* After amendment of the Complaint filed on November 6, 2014, Elworthy no longer is a party to the action. *See First Amended Cmplt. (ECF No. 16) at 1.*

On January 27, 2015, Elworthy filed a "Notice of Limited Appearance" in which he represents that he is appearing as counsel for Marshall "in the limited capacity of representing [Marshall] in matters regarding the assertion of privileges and to defend any claim of

---

[1] Both Badaruddin and Elworthy also filed ex parte affidavits. ECF Nos. 43 (Badaruddin's ex parte affidavit) and 47 (Elworthy's ex parte affidavit).

subrogation." *Notice of Limited Appearance (ECF No. 18) at 1*. Here, because Badaruddin's motion to withdraw implicates neither the assertion of privileges nor defense of any claim of subrogation, Elworthy's response is improper. He is not Marshal's counsel of record for purposes of the pending motion. Consequently, Marshall has failed to properly respond to Badaruddin's motion.

**III. Discussion**

This Court's Local Rules require an attorney whose withdrawal would leave a client without representation to obtain the Court's leave. *See* D. Mont. L.R. 83.3(b). The Local Rules also provide that attorneys are subject to the American Bar Association's Model Rules of Professional Conduct and the Montana Rules of Professional Conduct. D. Mont. L.R. 83.2(a). The decision to grant or deny a motion to withdraw is within the Court's discretion. *Arch Ins. Co. v. Sierra Equipment Rental, Inc.*, 2016 WL 829208, *1 (E.D. Cal., Mar. 3, 2016) (*citing McNally v. Eye Dog Found. for the Blind, Inc.*, 2011 WL 1087117, *1 (E.D. Cal., Mar. 24, 2011) (*citing Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863, at * 1 (C.D. Cal., July 28, 2009) and *Washington v. Sherwin Real Estate*, 694 F.2d 1081,

1087 (7th Cir. 1982))).

"District courts in [the Ninth Circuit] have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay." *Id.* (*citing Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal., Sept. 15, 2010); *CE Resource, Inc. v. Magellan Group*, LLC, 2009 WL 3367489, at *2 (E.D. Cal., Oct. 14, 2009); and *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal., Feb. 13, 2008)).

In considering the foregoing factors, the Court concludes that it is appropriate to allow Badaruddin to withdraw. First, the Court has carefully considered the reasons Badaruddin has advanced for seeking the Court's leave to withdraw, and finds them sufficient to allow him to withdraw under Rule 1.16(b) of the Montana Rules of Professional Conduct.

Second, the Court concludes that any prejudice that Marshall may suffer if Badaruddin is permitted to withdraw as her counsel will be minimal and, in any event, will not outweigh the other factors weighing in favor of permitting withdrawal. As noted, Marshall did not respond

to Badaruddin's motion. And, even considering Elworthy's response on her behalf, it is apparent to the Court that Badaruddin's continued representation of Marshall would not be in either's best interest, nor would it materially advance resolution of this action.

Third, granting Badaruddin's motion would not be prejudicial to the other party to this action. As noted above, Billings Clinic does not object to Badaruddin's motion to withdraw.

Fourth, granting Badaruddin's motion would not prove detrimental to the administration of justice, nor would it result in undue delay. This matter has been pending for nearly two years – since July 25, 2014. *Cmplt. (ECF No. 1)*. Although a scheduling order is in effect, the discovery and motions deadlines it imposes are several months hence. *See Order Granting Joint Unopposed Mtn. to Amend Scheduling Order (ECF No. 40) at 2* (setting September 26, 2016 discovery deadline and October 10, 2016 motions deadline). No trial date or associated deadlines have yet been set. Affording Marshall a reasonable amount of time, as discussed below, to retain new counsel or appear pro se will not materially delay this matter further. Also, briefly vacating the current schedule until a new schedule can be

implemented once Marshall retains new counsel or appears pro so similarly will not unduly delay resolution of this matter.

Balancing consideration of the foregoing factors, the Court concludes that it is appropriate to grant Badaruddin's motion to withdraw as Marshall's counsel.

Respecting further management of this action, the Court is mindful of its goal of securing a just, speedy, and inexpensive determination in all cases before it. See Fed. R. Civ. P. 1. But the Court also must strive to afford Marshall adequate time to retain new counsel, should she wish to do so. In balancing these obligations, the Court concludes that it is appropriate to vacate the current schedule, as set forth below, and to impose a deadline upon Marshall for retaining new counsel or informing the Court that she will proceed pro se.

### IV. <u>Conclusion</u>

Based on the foregoing,

**IT IS ORDERED** that Badaruddin's motion to withdraw as counsel for Marshall *(ECF No. 42)* is **GRANTED**. The Montana Rules of Professional Conduct govern counsel's responsibility with respect to surrendering papers and property to which Marshall is entitled. Mont.

R. Prof. Conduct 1.16.

**IT IS FURTHER ORDERED** that the current scheduling order (*ECF No. 40*) and deadlines therein are **VACATED**.

**IT IS FURTHER ORDERED** that, on or before May 16, 2016, Marshall must file a notice with the Court either advising that she has retained new counsel or that she intends to proceed pro se. Failure to respond may result in dismissal of this action for failure to prosecute. If new counsel is retained, counsel must file an appropriate notice of appearance. As soon as practicable after June 3, 2016, the Court will set a status conference to put in place a schedule for further proceedings.

DATED this 4th day of April, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge